IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHIL GARNER                                                                    PLAINTIFF

        v.                          Civil No. 6:13-cv-06117

O.A. WYNN, Criminal Investigation
Division, Garland County Sheriff's
Office; and DANNY MARSH, Parole Officer                        DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and

*in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T.

Dawson, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.  The case is before me on two motions to dismiss (ECF Nos. 9 &14)

filed by the Defendants.  Plaintiff has not responded to either motion.  The motions are ready for

decision.

### 1.  Background

According to the allegations of the complaint, the Defendants "went around telling people

[Plaintiff] was a liar & a no account[] bum."  ECF No. 1 at pg. 5.  Plaintiff claims the Defendants

had a vendetta against him and harassed him.  With respect to Defendant Marsh, Plaintiff alleges that

Marsh gave him permission to travel but was now trying to revoke Plaintiff's parole although he "let

someone else off for the same thing."

As relief, Plaintiff seeks monetary damages and asks that the Defendants be disciplined or

fired.  Finally, Plaintiff asks that the parole hold be removed and that he be released from jail.

### 2.  Applicable Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

Both Defendants maintain that the Plaintiff has failed to state actionable claims against them.  To the extent Plaintiff seeks relief from the parole hold, Defendant Marsh maintains that claim cannot be pursued under § 1983.

I agree that this case is subject to dismissal.  First, "defamation, per se, is not actionable under section 1983."  *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981); *see also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or

reputation is not cognizable under § 1983).  The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause.  *Paul v. Davis*, 424 U.S. 693, (1976).  Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Second, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

Third, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### 4.  Conclusion

For the reasons stated, I recommend that the motions to dismiss (ECF Nos. 9 & 14) be

granted and the case dismissed without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).  The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g).  The Clerk should be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of May 2014.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE